LONG, Judge.
The appellant, Wilmer D. Burrows, appeals from the revocation of his probation. At the revocation hearing, a sheriffs deputy testified that the appellant had approached him, after he was ordered to stay away, and placed him in fear of bodily injury. The deputy testified that, at the time of the incident, the appellant appeared to be intoxicated. The deputy stated that the appellant admitted to him that he had been drinking alcohol and told him that if he were arrested, his probation would be revoked. The trial court made an oral finding that the appellant had violated the conditions of his probation by his intoxication; however, the trial court failed to issue a written order. Therefore, “[w]e remand this ease for production of a written statement of evidence relied upon by the trial court and its reasons for the revocation. Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).” Butts v. State, 686 So.2d 1297, 1298 (Ala.Cr.App.1996). The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 42 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.