ON RETURN TO REMAND
LONG, Presiding Judge.
Wilmer D. Burrows appealed from the revocation of his probation. We remanded this cause so that the trial court could furnish Burrows with written findings as to the evidence it relied upon and the reasons for revoking Burrows’s probation. Burrows v. State, 695 So.2d 257 (Ala.Cr.App.1997). The trial court has submitted an order stating, in pertinent part:
“WHEREAS, [Burrows] appeared in open court with his attorney, C.E. Carmichael, Jr., for a probation revocation hearing on August 20, 1996, at which time testimony was taken from the witness, Max Johnson, the Sheriffs deputy for Colbert County, who testified that on or about July 25, 1996, at around midnight that he was patrolling an area on Mount Mill Road near the Barton fire tower looking for an escapee at which time he saw two individuals in an automobile which was stopped facing him and he asked them to get out of the ear. One of the persons was Wilmer Burrows, a/k/a Jack Burrows, who he knew. Jack Burrows started coming toward him. The Sheriffs deputy drew his weapon and ordered him back to the car. Mr. Johnson called the dispatcher for back-up, after which Mr. Burrows started towards him again. Mr. Johnson said they were drinking and Wilmer Burrows appeared intoxicated. Mr. Johnson stated, T ordered him not to get in the car, but he got in the car anyway.’
“The Court considering the same, and the testimony of deputy Max Johnson, ... finds that Wilmer Burrows violated the conditions of probation, which was to avoid injurious or vicious habits such as drinking alcohol; the Court further finds that Wilmer Burrows failed to obey the orders of a deputy sheriff and put the said deputy in fear of his life in that he had to pull his revolver.
“Therefore, it is, ORDERED, ADJUDGED AND DECREED by the Court that the probation of Wilmer Burrows is revoked and he is ordered to serve the term imposed.”
The trial court’s order on remand sufficiently states the evidence relied upon and the court’s reasons for revoking the appellant’s probation. The court’s decision to revoke the appellant’s probation is supported by the record.
Accordingly, the trial court’s judgment is affirmed.
AFFIRMED.
All Judges concur.